MONTGOMERY v. CLOUD.

1. Where a referee reported that an administrator had sold land of his intestate and used the proceeds in paying debts, and no exception was taken to such finding, the question whether the statute of limitations protected him from accounting for these proceeds is not involved. Had exception been taken, the Brief fails to state facts sufficient to show error in the finding. The mere fact that the administrator might have used other funds for the purpose is *insufficient.*

2. Administration was granted in 1861. In 1868 the administrator made his first and only return showing a balance due by him to the estate. To action brought against him in 1884 for an accounting, *held,* that the statute of limitations and the presumption of payment, and therefore also the defence of laches, were not a bar to the relief demanded.

Before FRASER, J., Fairfield, June, 1886.

The opinion fully states the case.

*Messrs. Gaillard & Reynolds,* for appellant.

*Mr. G. W. Ragsdale,* contra.

July 16, 1887. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. In 1861, David H. Montgomery died intestate, leaving real and personal property both in this State and in the State of Florida. John B. Cloud administered upon the estate in this State, and soon after sold the personal property. It seems that the heirs made the administrator (Cloud) their agent to sell also a tract of land, which he did for $900, and received the purchase money therefor. In 1868, March 30, the administrator filed his first and only return, charging himself with the amount of the sale-bill of personal property, $5,101.29,

and allowing himself divers credits, amounting to $1,362.83; leaving $3,738.46, as the balance due according to said return. The plaintiffs, heirs at law of the intestate, are and have been for many years not residents of this State, and the estate for several years remained unsettled. In January, 1884, they instituted this proceeding for an account against the administrator, including the price of the land sold by him as agent of the heirs.

The administrator, Cloud, answered alleging that the return made by him in 1868 was in many respects erroneous—more especially that the administrator was charged with the value of the entire personal estate, whereas in fact the personal estate, consisting in large part of negro slaves, had, before the making of said return, been divided among the parties and duly delivered up or paid over to them : that the administrator had duly accounted for all assets, of whatever character, which came into his hands as administrator, and interposing the plea of laches, presumption of payment from lapse of time, and the statute of limitations.

It was referred to Charles A. Douglass, Esq., to determine the issues of law and fact and to state the account of the defendant as administrator. Neither the testimony nor the account stated are in the Brief, but the referee reported as follows : "That the defendant, John B. Cloud, as the agent of all the heirs at law, did, on January 25, 1862, sell a tract of land, the same being the property of the intestate, and applied the proceeds of such sale to the payment of the debts of said intestate; that the personal property consisted largely of slaves—none of which slaves were ever sold, but the same were divided among the heirs at law, at a valuation placed thereon by agreement; that the defendant, John B. Cloud, made his first and only return on March 30, 1868; and there is now due by the said John B. Cloud, as administrator, to the plaintiffs and the defendant, Margaret Cloud (wife of the administrator), as heirs at law of David H. Montgomery, the sum of six hundred and thirty-two dollars and forty-nine cents ($632.49)." And he held as matter of law, "that the action of the plaintiffs is not barred by the statute of limitations, nor by laches, nor by lapse of time; that the defendant is not chargeable with interest on annual balances in his

hands; that not having made his returns as required by law, the administrator is not entitled to commissions, but that he is entitled to certain commissions by virtue of a contract between himself and the heirs at law."

Both parties excepted to this report, and Judge Fraser held that there was nothing in the case to warrant the court in substituting, in the place of the statute of limitations and of the presumption from lapse of time, the imputation of laches on the part of the plaintiffs; and then, not having sufficient data upon which to found a satisfactory conclusion as to whether the referee was correct in his statement of the amount of the uncollected notes, he recommitted the whole matter of account, with certain instructions on particular points, to the referee.

From this decree the defendant administrator appeals to this court, upon the following grounds: "I. For that his honor did not hold that the demands of the plaintiffs herein are barred by the statute of limitations. II. For that his honor did not hold that the said demands are barred by the laches, negligence, and unreasonable delay of the plaintiffs, and by presumption of satisfaction. III. For that his honor did not hold that, even if said demands are not wholly barred, yet said demands are barred so far as they have relation to the proceeds of sale of the tract of land mentioned in the fifth paragraph of the complaint. IV. For that his honor did not hold that as to the said proceeds of sale (of the land) the defendant, John B. Cloud, was not trustee of an express trust, but only of an implied or constructive trust."

Exceptions 3 and 4 relate to the proceeds of the tract of land sold as agent. The action was brought by the heirs of the intestate against John B. Cloud, as administrator. The proceeds of the land never were in his hands as administrator, but as agent under some agreement, which does not appear. But really it is unnecessary to go into that, as we cannot consider that the matter is properly before us. The Circuit Judge disposes of it as follows: "This exception refers to the sum of $900, being the proceeds of a sale made by the administrator of a tract of land with the consent of the heirs, and held and *used by him in the payment of the debts of the estate*, and for which purpose they had allowed it to be sold. This money did not come to his hands

as administrator, and he held it as agent of these heirs. The referee finds as a fact that this money was used in the payment of the debts, and to this finding there is no exception. It is, therefore, not necessary to consider any special relation this fund may have had to the statute of limitations, or in the mode of computing interest. None of it, under this state of facts, seems to have entered into the balance in the administrator's hands, and to which alone, on the statement before me, these questions of interest and the statute of limitations apply." We cannot say that this was error. Even if the finding of the referee that the proceeds of the land had been paid out on debts, had been excepted to, we have not the means of determining as to the correctness or incorrectness of that finding. We could not disturb that finding simply from the circumstance pointed out, that if all the sale-bill had been collected, there could have been no necessity for the use of all the proceeds of the land, in paying the debts of the estate as returned by the administrator.

Exceptions 1 and 2 complain of error on the part of the judge, in holding that the right of the plaintiffs to an account against the administrator was not barred either by the statute of limitations, presumption of settlement, or payment from lapse of time, or by laches. It is true that, in seeking this account against the administrator, there was long delay, from the last and only return filed in 1868, about sixteen years. To some extent perhaps this long delay was accounted for by the loss of securities, the confusion, &c., incident to the war, and the absence from the State of all the distributees except Margaret, the wife of the administrator. But, as we understand it, an administrator as to the assets in his hands is a *quasi* trustee, and as between him and the distributees there is no adverse possession and the statute of limitations as such does not apply. *Angel Lim.*, §§ 166, 168; *Story Eq. Jur.*, § 1520; *Beard* v. *Stanton*, 15 *S. C.*, 165, and authorities.

There is, however, one well defined exception to this rule: where the trustee does some act purporting to be an execution of the trust, he shakes off the character of trustee and thenceforward stands in an adverse position. See *Beard* v. *Stanton, supra.* If the administrator, Cloud, in making his return in 1868, had

given to it such a character as to disclaim the trust, and to claim
that he had settled the estate in full and owed the distributees
nothing, thus putting them on their guard in a public office, then
the account would be stated.   Whether true or false, such claim
made in a public office, might have had the effect of putting into
operation the statute of limitations.   But such was not the
character of the return made.   On the contrary, it seems to have
been an acknowledgment of his continuing trusteeship, and,
indeed, the admission of a larger amount than was actually due.
We do not think that this return in any manner disclaimed the
trust or pretended to throw it off.   *Riddle* v. *Riddle*, 5 *Rich.
Eq.*, 32; *Roberts* v. *Johns*, 16 *S. C.*, 171; *Dickerson* v. *Smith*,
17 *Id.*, 289.   As was said in the case of *Riddle and Riddle*,
*supra:* "If an *ex parte* return to the ordinary, in which an
executor or administrator strikes a balance against the estate,
should be rgarded as a discharge of his trust, from which the
statute would run as against a bill to account, it would be an
alarming disclosure as well to creditors as to legatees and dis-
tributees of the deceased," &c.

It seems, however, that in this regard the rule is different as
to the presumption of payment arising from lapse of time, and
that the presumption arises between an administrator and his
*cestui que trust*, who is *sui juris*, precisely as between ordinary
creditors and debtors by bond.   As expressed by Judge Fraser
in *Roberts* v. *Johns*, 24 *S. C.*, 587: "In the consideration of
claims against trustees, when lapse of time is the ground of de-
fence, it is important to bear in mind the distinction between the
bar of the statute and the presumption of payment from lapse of
time.   Whenever the period arrives at which, according to the
terms of his trust, the trustee is required to make his final ac-
count, and there is no disability on the part of the beneficiary of
the trust, the presumption commences to run," &c.   According
to this rule, when did the presumption begin to run in favor of
the administrator?   There seems to have been no disability—at
what time was he required to make his final account?   If at any
time before 1868, when he made the return acknowledging his
liability, that itself assuredly gave the presumption a new start-
ing point, and counting forward from that time the twenty years

necessary to raise the presumption had not expired when the action was brought. "In reference to the presumption arising from the lapse of twenty years, it has been held that the presumption is not one of law and therefore conclusive, but one of fact, which may be rebutted in analogy to the principles regulating admissions to take a case out of the statute of limitations." *Pyles* v. *Bell*, 20 *S. C.*, 369.

As the claim for account against the administrator is neither barred by the statute of limitations, nor presumed paid by the lapse of twenty years, we do not see upon what principle we could hold that the judge committed error of law in refusing to bar it upon the equitable doctrine of laches.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.