### McDOWALL v. REED.

1. A party signing his name with the word "trustee" added, executed a bond whereby he bound "himself, his heirs, executors, and administrators" to pay the sum named, and also executed a mortgage to secure this bond. Under action of foreclosure the land was sold, and judgment ordered for the deficiency. *Held,* that this judgment was binding on him individually, and that his executor (he being dead) was the proper party to proceedings to revive this judgment and for leave to issue execution thereon.

2. Summons to revive judgment and for leave to issue execution thereon is in the nature of *scire facias,* is a continuation of the original action, and must conform to the record therein.

3. The facts of this case do not show that plaintiff had waived his right to look to the judgment debtor individually for the amount found due.

Before WALLACE and WITHERSPOON, JJ., Kershaw, June, 1887, and September, 1887.

The bond in this case was as follows:

THE STATE OF SOUTH CAROLINA.

Know all men by these presents, that we, J. P. Reed, trustee, are held and firmly bound unto W. D. McDowall, receiver, in a cause now pending in the Circuit Court in equity for Kershaw County, entitled "Theodore Lang, Guardian, *et al., vs.* Thomas J. Workman, executor, *et al.,*" in the full and just sum of twenty-one hundred and sixty dollars, to be paid unto the said W. D. McDowall, receiver as aforesaid, his certain attorney, executor, administrator, or assigns, to which payment well and truly to be made and done, we bind ourselves and each of our heirs, executors, and administrators, jointly and severally, firmly by these presents. Scaled with our seals, and dated the 3rd day of January, in the year of our Lord one thousand eight hundred and seventy, and in the ninety-fourth year of the sovereignty and independence of the United States of America.

The condition of the above obligation is such that if the above bound John P. Reed, trustee, his heirs, executors, or administrators, shall and do well and truly pay or cause to be paid unto above named, W. D. McDowall, receiver as aforesaid, certain attorney, executors, administrators, or assigns, the full and just sum of one thousand and eighty dollars, in three equal annual instalments, with interest payable annually, so long as any part

thereof remains unpaid, without fraud or further delay, then the above obligation to be void or of none effect, or else to remain in full force and virtue.

J. P. Reed, Trustee, [L. S.]
J. P. Boswell, [L. S.]
John S. Meroney, [L. S.]
W. F. Reed, [L. S.]

Sealed and delivered in the presence of
    Kate E. Meroney.

Other matters are stated in the opinion.

*Mr. J. T. Hay,* for appellant.

*Mr. T. J. Kirkland,* contra.

April 11, 1888.   The opinion of the court was delivered by

Mr. Justice McGowan.   In January, 1870, John P. Reed made and delivered to the plaintiff, as receiver, his bond for $1,080 with interest, &c., and in order to secure the bond at the same time executed a mortgage of "all those lots or tracts of land in the town of Camden, on the corner of Rutledge and Church streets," &c.   The bond and mortgage were both signed by J. P. Reed, trustee, without stating for whom, and in the bond the obligor "bound himself, his heirs, executors, and administrators." In 1877, the mortgage was foreclosed on the lots.   Judgment of foreclosure was rendered for the amount due, $1,382.68, and the mortgaged property ordered to be sold, and the proceeds applied to the amount due; that the sheriff make a report of said sale, and if the proceeds should be insufficient to pay in full the amount, the balance should be paid by the defendant to the plaintiff.   In December, 1877, the mortgaged lands were sold for $550, but at that time no execution was issued to collect the remainder of the debt.

In 1884, J. P. Reed died, leaving a will, of which W. F. Reed, the defendant, is the executor.   In February, 1887, the plaintiff caused a summons to be issued against W. F. Reed, the executor, to show cause, if any he could, why an execution should not issue, to enforce payment of the remainder of the judgment of foreclosure, and the order was granted by Judge Wallace.   In

August (1887) the same plaintiff had notice of a rule served on the executor to show cause why the judgment should not be revived, which was heard and granted by Judge Witherspoon. To both these applications the executor made vigorous defence, in resisting the orders prayed for. He admitted that he was executor of the will of John P. Reed, as an individual, but not executor or successor of John P. Reed, trustee, and is not concerned in or responsible for any judgment that may exist against John P. Reed, as trustee; and that said Reed, many years before his death, was released and discharged from the office of trustee, and Joseph D. Dunlap appointed trustee in his place. In both the applications the defence was the same, and was overruled in both.

And the defendant appeals to this court, upon the grounds: "1. That the judgment being entered against J. P. Reed, trustee, the executor of J. P. Reed is not a party upon whom notice for leave to issue execution should be served. 2. That the estate of J. P. Reed is not liable for judgments against J. P. Reed, trustee, and the estate of J. P. Reed cannot be subjected to judgments against J. P. Reed, trustee, by a summons to show cause why execution should not be issued upon a judgment against J. P. Reed, trustee, served upon the executor of J. P. Reed."

We agree with the attorney for the defendant that the proceedings to have the execution issued, and to revive the judgment, are in the nature of a *scire facias*, that they are a continuation of the action to foreclose, and must conform to the record in that case; but we do not see how that helps the difficulty. The question still recurs, whether a judgment against John P. Reed, describing him simply as "trustee," was binding upon him as an individual. He was the only defendant named, and unless the judgment bound him individually, there was no judgment at all, in that part of Judge Townsend's decree of foreclosure, which directed, "that if the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiff, with the interest and costs as aforesaid, the said sheriff specify the amount of such deficiency in his report of sale, *and that the defendant do pay the same to the plaintiff*," &c.

The general rule undoubtedly is as stated by Judge Story: "In general a trustee is only suable in equity in regard to any

matter touching the trust.   But if he chooses to bind himself by a personal covenant in any such matter, he will be liable at law for a breach thereof, although he may in the instrument containing the covenant describe himself as covenanting as trustee ; for the covenant is still operative as a personal covenant, and the super-added words are but a *descriptio personæ."* 2 *Story Eq.*, § 975; *Duval* v. *Craig*, 2 *Wheat.*, 45; *Tobin* v. *Addison*, 2 *Strob.*, 4; *Barrett* v. *Cochran.* 11 *S. C.*, 34.   In the case from Strobhart, the court said :. "The judgment against Brown, guardian, is no more than a judgment against him without that addition ; for that is only a *descriptio personæ.*   No judgment against him as guardian can have the effect to charge either the estate or the person of Miss Owens (the ward).   *   *   *   He was responsible to every one contracting with him, and not the estate of his ward.   It was his duty to pay Saul's debt, and then submit it as a charge against his ward in his accounts, and if proper it would be allowed, or otherwise rejected," &c.

In the argument here, this was conceded to be the general rule, but it was insisted that this case should be made an exception ; that the right to hold John P. Reed individually liable on his bond, was a personal privilege accorded the obligee, receiver McDowall, which he could elect not to exercise, and that the circumstances of the case show that he waived that right.   We cannot agree, as claimed, that the original proceeding was for "a strict foreclosure," limited only to the sale of the lots mortgaged ; for it prayed a decree for the amount of the debt, $1,321.04 ; that the lots should be sold and the proceeds applied to the payment of the debt, and "execution be awarded for the balance," without, however, expressly stating against whom it should issue.   It is true that at the time of the foreclosure there was no execution issued, to enforce payment of the balance of the debt left unpaid by the sale of the mortgaged premises, and that there was considerable delay, before the proceedings were instituted to have an execution issued ; but we could hardly venture to infer that there was any such waiver on the part of the plaintiff, in the very face of this proceeding to enforce the judgment by execution, and the finding of two successive judges on the Circuit against such alleged waiver.

The judgment of this court is, that the orders of Judge Wallace and Judge Witherspoon be affirmed.