## MOSS v. JOHNSON.

### GASTON v. SAME.

1. Descriptio Personae—Parties.—A party being sued upon notes and mortgages signed by him with the word "trustee" superadded, the complaint not disclosing for whom he was trustee, and not alleging that he was a trustee, he demurred upon the ground that the *cestuis que trust* were omitted. *Held*, that the demurrer was properly overruled, as it did not appear that defendant was a trustee or was sued as such.

2. An Exception not supported by any ruling of the trial judge, overruled.

3. Demurrer—Reference.—After demurrer to complaint for foreclosure overruled, there being no answer nor application for leave to answer, a reference to ascertain the amount due was proper.

Before Fraser, J., York, November, 1891.

Actions by W. M. Moss against R. A. Johnson, trustee, and D. D. Gaston against the same. The opinion states the cases.

*Mr. N. W. Hardin*, for appellants.

*Messrs. Finley & DeLoach*, contra.

September 2, 1892. The opinion of the court was delivered by

Mr. Chief Justice McIver. These two cases present the same questions and were heard and will be considered together. They were actions for the foreclosure of mortgages, and the complaints were in the usual form, alleging that "the defendant, R. A. Johnson, trustee, is indebted to the plaintiff" in a specified sum of money on two promissory notes, copies of which are set out in the complaints, signed "R. A. Johnson, trustee;" that the defendant executed a mortgage to the plaintiff to secure the payment of said notes on a tract of land which had been sold and conveyed by the plaintiff to the said defendant, and that the notes sued upon represented "the unpaid purchase money owing by defendant to plaintiff for the same; that the defendant has refused to pay the same;" and after other allegations wholly immaterial to the question which we are called upon to decide, judgment is demanded for a sale of the mortgaged premises, and the application of the proceeds thereof to the costs of the action and to the amount due upon the mortgage debt, and that execution for the balance issue "against the said R. A. Johnson, trustee." The defendant demurred upon the ground, "That there is a defect of parties defendant in the omission of the name of the *cestui que trust* in the complaint, for whom the defendant herein, as is alleged in the complaint, executed the notes and mortgage sued upon in this action, as trustee."

The case came on for hearing before his honor, Judge Fraser, upon the complaint and the demurrer thereto, who granted an order, on the 13th November, 1891, overruling the demurrer, and referring the case to a referee to report the amount due upon the plaintiff's notes and mortgage, with leave to report any special matter. On the same day, but whether before or after the order was signed does not appear, defendant gave notice of appeal upon the grounds which will be presently stated. It does not appear whether defendant made any motion for leave to answer over, or to stay proceedings pending his appeal, or whether the judge made or was requested to make any ruling relative thereto.

The defendant's exceptions are as follows: "1st. The demurrer should not have been overruled, because the evidence con-

tained in the complaint was sufficient that the defendant was a trustee. 2nd. Because of error in *not* [*sic*] deciding that the *cestuis que trust* were not indispensable parties defendant in this action. 3rd. Because of error in deciding that the demurrer was not interposed in good faith, ordering the issues before a referee without allowing defendant to answer over, and confirming the referee's report and giving judgment one day after the order of reference was signed."

We do not think that there was any error in overruling the demurrer. The complaint contained no evidence whatever that the defendant ever was a trustee for any one, and no evidence that the notes and mortgage were executed by defendant in any trust capacity. The fact that the defendant saw fit to append to his signature to these papers the word "trustee," certainly could not have the effect of making him trustee for any one, but must be regarded simply as *descriptio personae*. It is not alleged that he signed these papers *as* trustee for any one, nor that the mortgaged premises had been sold and conveyed to him *as* trustee for others. On the contrary, the allegations in the complaint are, that the defendant executed the notes and mortgage to secure the payment of the balance due on the purchase money of the land which had been sold and conveyed to him by the plaintiff, and the mere fact that he chose to add a descriptive word to his signature cannot have the effect of relieving him from liability and throwing it upon some other person or persons, who, so far as the papers show, are unknown to the plaintiff as well as every one else. See *McDowell* v. *Reed*, 28 S. C., at page 468, where Mr. Justice McGowan quotes with approval the following appropriate language from Story Eq. Jur.: "In general, a trustee is only suable in equity in regard to any matter touching the trust. But if he chooses to bind himself by a personal covenant in any such matter, he will be liable at law for a breach thereof, although he may in the instrument containing the covenant describe himself as covenanting as trustee; for the covenant is still operative as a personal covenant, and the superadded words are but a *descriptio personae*." This is a still stronger case, for here the defendant does not promise *as* trustee, but simply adds to his name the word "trustee;" and there is

nothing whatever in the complaint, by which alone the sufficiency of the demurrer is to be tested, to indicate who are the supposed beneficiaries, or, indeed, that there ever was any trust. See, also, *Henshall* v. *Roberts*, 5 East, 150, as to the necessity for the use of the word "as," and also 17 Am. & Eng. Enc. Law, 494–5, and the cases there cited.

The second exception cannot be sustained, as there is nothing in the complaint upon which it can be based; and it does not appear that the Circuit Judge either made, or was called upon to make, any ruling as to the point which that exception seems designed to raise. So, too, as to the third exception. There is nothing in the "Case" to show that the Circuit Judge decided what is there imputed to him, or that defendant ever applied for leave to answer over, or to show that judgment was rendered "one day after the order of reference was signed." The demurrer having been overruled and there being no answer, and so far as the "Case" shows, no application for leave to answer, there were no issues to be tried, and there was nothing left to be done except to ascertain the amount due—a mere matter of mathematical calculation —and this is all that appears, from the record furnished to us, that seems to have been done.

The judgment of this court is, that the judgment of the Circuit Court, in each of the cases above stated, be affirmed.