˘ 11908

### SEABOARD AIR LINE RY. CO. v. JONES

(131 S. E., 434)

1. RAILROADS—DATE OF EVICTION OF RAILROAD COMPANY FROM RIGHT OF WAY DEEMED DATE OF SETTLEMENT OF CLAIMS OF THIRD PARTIES.— Where grantor of right of way to railroad agreed, without admitting liability therefor, to raise no objection to amount of damages suffered by railroad company by reason of settlement of suit of third parties claiming interest in right of way, question of actual eviction was waived, and date of settlement of such suit will be deemed date of eviction in grantee's action for damages for breach of warranty.

2. Railroads—Grantor of Right of Way Accepting Settlement of Claims of Third Persons Against Railroad not Liable for More Than Damages Growing Out of Original Warranty.—Grantor of right of way to railroad by contract for delivery of deed on demand, who agreed at time of settlement of suit between railroad and third parties claiming interest in right of way to raise no objection as to amount of damages suffered by railroad by reason thereof, without admitting liability, cannot be held liable for more than damages growing out of original contract; measure of damages, under Civ. Code 1922, § 5306, being purchase price with interest from eviction.

3. Railroads—Grantor of Right of Way, Accepting Settlement of Claims of Third Persons Against Railroad, Cannot be Required to Pay More Than Sum Paid for Land Embraced in His Grant.—Grantor of right of way to railroad, who had agreed that amount paid third parties by railroad in settlement of adverse claims might be taken as damages suffered by grantee, without admitting liability, cannot be held liable for total amount of settlement which included other land than conveyed by him, and is only required to reimburse railroad for sum actually paid for land embraced in his grant.

Before Townsend, J., Richland, June, 1924. Decree modified and case remanded, with directions.

Action by the Seaboard Air Line Railway Company against Wilie Jones. From a decree for plaintiff, both parties appeal.

*Messrs. Efird & Carroll*, for plaintiff-appellant, cite: *Former appeal:* 120 S. C., 354. *What amounts to an illegal contract:* 13 C. J., 411.

*Mr. Robert Moorman*, for defendant-respondent, cites: *Measure of damages in action on covenant:* Civ. Code, 1922, Sec. 5306. *Vendee under contract of purchase, continuing in possession without protest after discovering defects of title, thereby waives his rights against vendor:* 122 S. E., 868; 6 Rich. Eq., 334; 1 Rich. Eq., 408; 3 Strob. Eq., 180.

January 28, 1926.

The opinion of the Court was delivered by Mr. Acting Associate Justice R. O. Purdy.

This is the second appeal to this Court in this case. The first appeal was had on an order sustaining a demurrer to the complaint, which order was reversed, 120 S. C., 354; 113 S. E., 142. The defendant-respondent entered into an agreement on October 3, 1899, whereby he agreed to sell and convey to the Southbound Railroad Company, through which company the plaintiff-appellant company claims as successor in interest, a strip of land fifty feet on each side, at right angles to the center of the track or roadbed of the railroad company as the same might be located or established.

In October, 1917, suit was brought by the Cayce Land Company, James S. Simmons, and a number of others, against the plaintiff-appellant for the possession of said strip of land, and the respondent was vouched to come in and defend the action. At the same time the plaintiff demanded of him a deed of conveyance in proper form, to be executed in accordance with his contract of October 3, 1899.

The allegation of the complaint is that the defendant refused to come in and defend the title, and refused to execute and deliver to the plaintiff a deed of conveyance. It is further alleged in the complaint that the defendant in that action, who is the plaintiff here, being convinced that the claimants were entitled to recover something under their claim of title, decided to compromise the matter by paying to the plaintiffs in that action a certain sum as damages for the detention and possession of the said strip of land by the plaintiff in this action and its predecessors in title, but, before doing so, it entered into an agreement with the defendant in October, 1919, the substance of which is set out in the complaint. The agreement in full is as follows:

"Whereas, the Cayce Land Company and James S. Simons *et al.,* heirs at law of Margaret C. Simons, in October, 1917, commenced an action against the Seaboard Air Line Railway Company for the possession of and for damages for the use as a right of way of a strip of land one hundred

(100) feet wide through a tract of fifty-three and one-half (53½) acres of land in said County and State, which was a portion of one hundred six and one-half (106½) acres conveyed to me by R. W. and James Cayce on December 22, 1892, which said strip of land was entered by the railway company under a contract executed by me on the 3d day of October, 1899, in favor of the Southbound Railroad Company;

"And, whereas, the said defendant railway company has vouched me under a notice of this suit and demanding that I come in and defend the same;

"And, whereas, it has been brought to my attention that the Seaboard Air Line Railway Company and the plaintiffs in the above-stated action have agreed to settle the claims of the plaintiffs to the said strip of land at the price of one thousand ($1,000.00) dollars, with interest from the date of the said contract; the claim of the plaintiffs being for one-half of the value of said strip of land and damages thereto:

"Now, therefore, in order that this litigation may be speedily determined, I, Wilie Jones, hereby covenant and agree that in case the Seaboard Air Line Railway Company should ever sue me on a claim by them that I am liable to it for whatever damages it has suffered by reason of said suit under the terms and provisions of the said contract, that in that suit I will not raise any objection to the amount of damages so paid by compromise by the Seaboard Air Line Railway Company; that is to say, that I will accept the amount paid by the said railway company in payment of the claims of the plaintiffs as of the same force and effect as if a verdict and final judgment had been obtained by the plaintiffs therefor; but this agreement is not to be construed in any sense as being an admission on my part of any liability whatever to the Seaboard Air Line Railway Company by reason of the contract of October 2, 1899.

                                        Wilie Jones.

"October —, 1919."

The plaintiff in this action demands judgment against the defendant "that he do execute and deliver to the plaintiff the deed of conveyance tendered to him on April 1, 1919, and also for judgment for the sum of $1,000, with interest from the 3d day of October, 1899, and for its costs and disbursements."

The defendant admitted the execution of the agreement in settlement of the alleged claims of the heirs, but alleged that such agreement was in no sense an admission of any liability on his part. He denies that any demand was ever made upon him for the conveyance, or that it was incumbent upon him to make it. He pleads laches and long delay on the part of the plaintiff in asserting its rights, alleging that the same operates as a waiver of such rights. He alleges further that the plaintiff and its predecessor in interest knew the defendant had only a fee defeasible in the strip of land in question, and that the defendant did not generally warrant title to it. He pleads also the bar of the statute of limitations.

The case came on for trial before his Honor, Judge Townsend, who rendered the following decree:

"CIRCUIT DECREE

"This action now comes before me for hearing on the evidence taken and reported by the Master. The contract between the parties has been construed on the former appeal (120 S. C., 354; 113 S. E., 142), as contemplating and requiring a conveyance with the usual covenants of warranty.

"Under the evidence I find that plaintiff performed its part of the contract, and conclude that the plaintiff's rights are now such as are embraced in a deed to the land with the usual convenants of warrants from defendant.

"The defendant has offered testimony to show that in making the contract in question he acted merely as a trustee for third party. This is irrelevant, as the written contract sued on created a personal obligation on the part of the de-

fendant (*Porter v. Jeffries,* 40 S. C., 100; 18 S. E., 229. *McDowell v. Reed,* 28 S. C., 466; 6 S. E., 300. *Moss v. Johnson,* 36 S. C., 551; 15 S. E., 709), and I exclude such testimony and evidence from consideration.

"The defendant next contends that the plaintiff had notice of the defect in defendant's title, when it paid the purchase money and entered into possession of the land.

"The plaintiff's action is based upon the covenants of warranty contained in the written contract, under the construction which has been placed upon it in this action (*Maner v. Washington,* 3 Strob. Eq., 180), and it cannot be shown by parol that the defect now complained of was excepted for a third party. This is irrelevant, as the written contract (*Grice v. Scarborough,* 2 Speers, 649; 42 Am. Dec., 391. *Hampton Park Terrace v. Sottile,* 102 S. C., 347; 86 S. E., 1066). Hence such notice to plaintiff, if proven, would be no defense to this action. It would not amount to waiver of the defect, as the very object of the covenant was to protect against it.

"It is admitted that plaintiff's claim is not barred by the statute of limitations, but it is contended that the plaintiff has been guilty of long delay and laches in asserting its rights which operates as a waiver of and bar to them. The evidence does not show that plaintiff's delay in demanding the formal conveyance or deed which defendant declined to execute occasioned any change in the situation or in any way damaged defendant, and I hold such delay as occurred neither barred plaintiff's right of action under the covenant of warranty, nor amounted to laches, nor a waiver of the claim now made in this action. What would be laches is shown by the decisions in *Montgomery v. Cloud,* 27 S. C., 188; 3 S. E., 196. *Steinmeyer v. Steinmeyer,* 55 S. C., 9; 33 S. E., 115. *Babb v. Sullivan,* 43 S. C., 438; 21 S. E., 277, and *Cook v. Knight,* 106 S. C., 313; 91 S. E., 312.

"It is therefore ordered, adjudged, and decreed that the plaintiff have judgment against the defendant for the sum of $1,324.66."

The statements made in the decree of his Honor and the amount found by him show that the recovery is based upon the breach of warranty, as fixed by the Code, although not so stated in the decree. The date of the constructive eviction is the date of settlement between the plaintiff and Cayce Land Company *et al.*, which is December 10, 1919, and the defendant, under his agreement of October, 1919, made the date of settlement the date of eviction. The measure of damages is the amount of the purchase money at the time of the alienation, with interest from the date of the eviction. Code of South Carolina, Vol. 3, § 5306.

The plaintiff's action is based upon the covenants of warranty contained in the written contract of 1899, under the construction which has been placed upon it in this action. Both parties have appealed from the decree; the plaintiff upon a single exception alleging error in holding that the plaintiff was entitled to recover only $1,324.66, when judgment should have been given against the defendant for $2,-875, alleging that this is the sum paid out by the plaintiff, and which the defendant agreed to pay for a breach of warranty under his contract.

The defendant has filed several exceptions alleging error: (1) In holding that the contract sued on created a personal obligation on the part of the defendant, and in excluding evidence relating to such contract from consideration. (2) In holding that notice to the plaintiff of the defect in defendant's title, if proven, would be no defense to this action, and that the plaintiff had by its conduct waived the right to investigate the title of the defendant or to question it. (3) That there was error in giving judgment against the defendant, because there is no definite evidence as to the amount of damages suffered or paid by the defendant with reference to the strip of land in question, and because there is no evidence that the plaintiff was ever evicted from the land in question.

If this could be deemed to be an action based on a breach of warranty, as contained in the agreement of October 3, 1899, and under the deed which the defendant was to make in pursuance to it, that would end this appeal, but the defendant, by the agreement of October, 1919, waived the raising of the question of actual eviction, and practically agreed that the date of settlement of the issues between the parties should be deemed to be the date of eviction.

When we examine the complaint we think it is manifest that the action is based upon the agreement of October, 1919. Such agreement is set out as part of the complaint; but in the complaint the plaintiff does not allege that it has been evicted or that it has settled the case, but demands judgment against the defendant. "That he do execute and deliver to this defendant deed of conveyance tendered to him on April 1, 1919, and also for judgment for the sum of $1,000, with interest from the 3d day of October, 1899."

The last covenant in the agreement on the part of the defendant is:

"That in case the Seaboard Air Line Railway Company should ever sue me on a claim by them I am liable to it for whatever damages it has suffered by reason of said suit under the terms and provisions of said contract, that in that suit I will not raise any objection to the amount of damages so paid by compromise by Seaboard Air Line Railway Company; that is to say, that I will accept the amount paid by the railway in payment of the claim of the plaintiff, as of the same force and effect as if a verdict and final judgment had been obtained by the plaintiff therefor."

—and adds that the agreement is not to be construed in any sense as being an admission on his part of any liability to the plaintiff by reason of the contract of October 3, 1899.

In the absence of this agreement, the rights of the parties would have been settled by the covenant of warranty arising out of the contract of October 3,

1899, but the parties had a right, by the subsequent agreement, to provide the manner of settlement. We, however, consider the agreement of the defendant, made in October, 1919, as binding him to pay no more than the damages sustained by the plaintiff as growing out of his warranty, under his agreement of 1899. Any other construction would be, in our opinion, beyond the contemplation of the parties. There was nothing in the evidence to fix this amount. We take December 10, 1919, as the date of constructive eviction by which the defendant is bound under his last agreement.

The receipt put in evidence bears date on that date showing the settlement between Cayce Land Company and the plaintiff, whereby in consideration of the payment of $2,875, it settled in full, and satisfied and discharged all of the claims and demands of the Cayce Land Company and a number of other persons for and on account of compensation for the value of four separate tracts of land. One of these parcels of land is the land which was conveyed to the plaintiff by the defendant. There are three other parcels embraced in this receipt, which, from the testimony, appeared to have no connection whatever with the parcel for which it is sought to hold the defendant liable. Manifestly, construing the agreement of October, 1919, most strongly against the defendant, he cannot be held liable under that agreement, to repay to the plaintiff such damages as it may have had to pay to others on account of land in which he does not appear from the evidence to be interested. The most that he could be required to pay is the sum actually paid by the plaintiff as compensation for the land embraced in the contract of October 3, 1899, with interest, all in accordance with the terms of that contract.

The sum found by his Honor would be the full measure of statutory damages, if so much has been proven, independently of the agreement of 1919. The case must be remanded to the Circuit Court for the purpose of ascertaining

the amount so actually paid, and this will be the measure of the defendant's liability, with interest.

Under the exceptions the judgment complained of is modified as hereinbefore indicated, and the case is remanded to the Circuit Court for the purpose of settling and disposing of the case in accordance with the foregoing findings.

Modified.

MESSRS. JUSTICES WATTS and COTHRAN, and MR. ACTING ASSOCIATE JUSTICE J. H. MARION concur.

MR. CHIEF JUSTICE GARY did not participate.