ARTHUR TALAMO, Respondent, *v.* AUGUST SPITZMILLER, Appellant.                    */27-/81.*

The mere fact that a person goes into possession under a parol lease, void because for a longer term than one year, does not create a yearly tenancy. The lease is ineffectual to vest any term whatever in the lessee, and when he goes into possession under it, with the consent of the lessor, in the absence of any other agreement, he becomes a tenant at will merely, subject to liability to pay, at the rate of the stipulated rent, for the use and occupation.

*It seems* this may be converted into a yearly tenancy by a new contract, and such a contract may be implied from circumstances.

*It seems* also, where the agreement was to pay annual rent, proof of a promise to pay and payment and acceptance of a portion of the rent will support the inference of a new contract.

Statement of case.

Defendant leased a house for a term of five years, at an annual rental, payable monthly, at the instance and request of plaintiff, and upon the oral agreement between them that he and the plaintiff should jointly use and occupy the house during the term, plaintiff to pay defendant one-half the rent. At the beginning of the term both went into possession and jointly occupied the house for six and one-half months, when plaintiff left. In an action wherein defendant set up the agreement as a counter-claim, it appeared that defendant paid the monthly installments as they fell due, but plaintiff paid nothing on account thereof; nor while he was in possession, was any request of, or promise by, him made to pay. *Held*, that plaintiff was simply a tenant at will, and so, liable only for use and occupation during the time he remained in possession; that the evidence failed to show a tenancy from year to year.

*Graske* v. *C. U. P. Co.* (17 Hun, 319), distinguished and limited.

(Argued March 3, 1890 ; decided March 18, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made November 10, 1887, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

The nature of the action and the facts are sufficiently stated in the opinion.

*Charles B. Wheeler* for appellant. The plaintiff Talamo was a co-lessee with the defendant Spitzmiller, of the Oak street house, and as such was liable to the defendant for one-half of the rent for the whole term of five years, which has been paid by the defendant (*Van Schaick* v. *T. A. R. R. Co.*, 38 N. Y. 351; 3 R. S. [7th ed.] 2326; *Tromall* v. *Munn*, 5 N. Y. 243; *Lawrence* v. *Taylor*, 5 Hill, 107.) Assuming, however, that this is not so, nevertheless, Mr. Talamo would then become a sub-tenant under Spitzmiller and legally bound to pay one-half the rent of the house for one year. (*Laughran* v. *Smith*, 75 N. Y. 205; *Reeder* v. *Sayre*, 70 id. 183; *Louns- berry* v. *Snyder*, 31 id. 514; *Greton* v. *Smith*, 33 id. 248; *Graske* v. *C. U. P. Co.*, 17 Hun, 320; *Fougera* v. *Cohn*, 43 id. 454; McAdam on Landl. & Ten. 32, 43; *Kline* v. *Rickert*, 8 Cow. 226; *Schuler* v. *Leggett*, 3 id. 660.) Entry and occu- pation are the essential and controlling things to create a

tenancy from year to year. (*Laughran* v. *Smith*, 75 N. Y. 209; *Reeder* v. *Sayre*, 70 id. 184; *Lounsberry* v. *Snyder*, 31 id. 517; *Craske* v. *C. U. P. Co.*, 17 Hun, 319; *Dorr* v. *Barney*, 12 id. 262; *Schuler* v. *Leggett*, 2 Cow. 660: *People* v. *Rickert*, 8 id. 230; McAdam on Landl. & Ten. 18.)

*Quinby & Meads* for respondent. Where one enters and occupies land under a verbal lease for a term of years, void by the Statutes of Frauds, and pays no part of the rent reserved, he becomes and remains a tenant at will, and is not liable beyond the period of his occupation. (1 R. L. of 1813, 78; 3 R. S. [2d ed.] 655; *Larned* v. *Hudson*, 60 N. Y. 105; 14 id. 67; 49 id. 33; 70 id. 186; 69 id. 120; 75 id. 209; *Barlow* v. *Wainwright*, 22 Vt. 88; *Doidge* v. *Bowers*, 2 M. & W. 365; *Doe* v. *Stennett*, 2 Esp. 717; 6 C. B. [N. S.] 812; *Knight* v. *Bennett*, 3 Bing. 361; *Hogan* v. *Johnson*, 2 Taunt. 48; *Homerton* v. *Stead*, 3 B. & C. 478; *Riseley* v. *Ryle*, 11 M. & W. 16; *Braythwayte* v. *Hitchcock*, 10 id. 494; *Mann* v. *Lovejoy*, R. & M. 355; 4 Taunt. 131; *Lord* v. *Crago*, 6 B. & C. 98; *Bishop* v. *Howard*, 2 id. 100; 5 L. B. 95; 17 id. 508; 4 Ad. & El. 525; *Richardson* v. *Gifford*, 1 id. 52; *Thompson* v. *Amey*, 12 id. 476; *Arden* v. *Sullivan*, 14 L. B. 852; *Thomas* v. *Packer*, 1 H. & N. 672; *Lee* v. *Smith*, 9 Exch. 662; *Waring* v. *King*, 8 M. & W. 575; *Dawes* v. *Dowling*, 31 L. T. 65; *Smith* v. *Eldridge*, 15 C. B. 236; *Caggan* v. *Warnicker*, 31 C. & K. 46; *Tooker* v. *Smith*, 1 H. & N. 735; *Lockwood* v. *Lockwood*, 22 Conn. 433; *Berrey* v. *Lindley*, 3 M. & G. 513; *Kirtland* v. *Pounsett*, 2 Taunt. 145; *Wright* v. *Tracey*, 18 I. B. C. L. 478; *Rigge* v. *Bell*, 5 T. R. 475; *Clayton* v. *Blakely*, 8 id. 3; *Thunder* v. *Belcher*, 3 East, 451; *Cox* v. *Bent*, 5 Bing. 185; *Kerr* v. *Clark*, 19 Mo. 132; *Ridgley* v. *Stilwell*, 28 id. 400; *Barlow* v. *Wainright*, 22 Vt. 89; *Thurber* v. *Dwyer*, 10 R. I. 355; *Shepard* v. *Cummings*, 1 Cold. 354; *McDowell* v. *Simpson*, 3 Watts, 135; *Dunn* v. *Rothermel*, 112 Penn. 272; *Koplitz* v. *Gustavus*, 48 Wis. 48; *S. M. Co.* v. *Sayre*, 75 Ala. 274; *Schuyler* v. *Leggett*, 2 Cow. 660; *Nichols* v. *Willams*, 8 id. 13; *People* v.

*Ricket,* Id. 226 ; *Jackson* v. *Rogers,* 2 Caine's Cas. 318 ; *Little*
v. *Martin,* 3 Wend. 219 ; *People* v. *Darling,* 47 N. Y. 666 ;
*Geiger* v. *Braun,* 6 Daly, 506 ; *Greeton* v. *Smith,* 33 N. Y.
245 ; *Porter* v. *Bleiler,* 17 Barb. 154 ; *Park* v. *Castle,* 19
How. Pr. 31 ; *Craske* v. *C. U. P. Co.,* 17 Hun, 319 ; *Dorr* v.
*Barney,* 12 id. 259 ; *Lounsberry* v. *Snyder,* 31 N. Y. 514 ;
*Reed* v. *Sayre,* 70 id. 184 ; *Laughlin* v. *Smith,* 75 id. 209 ;
*Blumenthal* v. *Bloomingdale,* 100 id. 561 ; *Thomas* v. *Nelson,*
69 id. 118 ; *Prial* v. *Entwistle,* 10 Daly, 398.)     The transac-
tion between the parties did not create the relation of co-lessees
or co-owners of the leasehold, nor constitute the defendant a
trustee of the lease or any interest therein for the benefit of
the plaintiff; the verbal agreement was void both in law and
in equity, and created no rights or obligations. (*Kiersted* v.
*O., etc., R. Co.,* 69 N. Y. 343 ; *Schaefer* v. *Henkel,* 75 id. 378 ;
*Whitford* v. *Laidler,* 94 id. 149 ; *Simpson* v. *N. Y. C. R.
Co.,* 19 J. & S. 425 ; *Squier* v. *Norris,* 1 Lans. 282 ; *Bennett*
v. *Rosenthal,* 11 Daly, 91 ; *Durand* v. *Curtis,* 57 N. Y. 11 ;
*Holliday* v. *Marshall,* 7 Johns. 11 ; Wood on Stat. of Frauds
[2d ed.] §§ 37, 39, 212, 214 ; Browne on Stat. of Frauds [2d ed.]
§ 41 ; 2 R. S. 134, §§ 6, 7; *Holmes* v. *Mead,* 52 N. Y. 339 ;
1 R. S. 727, 728, §§ 45, 55 ; *Levy* v. *Brush,* 45 N. Y. 589 ;
*Wheeler* v. *Reynolds,* 66 id. 227 ; *Woods* v. *Rabe,* 96 id. 426;
*Moyer* v. *Moyer,* 21 Hun, 70 ; *Loomis* v. *Loomis,* 60 Barb.
22 ; *Dung* v. *Parker,* 52 N. Y. 499 ; *Traphagen* v. *Burt,* 67
id. 35 · *Rathbun* v. *Rathbun,* 6 Barb. 105–107 ; 98 N. Y. 40.)

BRADLEY, J. The action was brought to recover the pro-
ceeds of the sale made by the defendant of the plaintiff's goods.
The defendant admits his liability to account to the plaintiff
for the proceeds of such sale, and alleges several matters by
way of counter-claim, which will be referred to so far as is
essential to the determination of the questions presented for
consideration on this review. The trial court found that on
March 13, 1882, by an agreement of lease in writing under
seal, made by Catharine Dickman and defendant, she leased to
him a dwelling-house for the term of five years from May 1,

1882, at the annual rent of $450 for the first year, and $500 for each subsequent year, payable in monthly installments in advance, which the defendant undertook to pay; that the defendant took such lease at the verbal instance and at the request of the plaintiff, and upon the unwritten understanding and agreement that they should jointly use and occupy the dwelling-house during the term mentioned in the lease, and that the plaintiff should pay to the defendant half the rent; that the defendant and plaintiff went into the possession of the house in May, 1882, and jointly occupied it until in November following, when the plaintiff quit the house and has not since then occupied any portion of it; that the defendant has paid the monthly installments of rent as they fell due, and that plaintiff has paid nothing to the defendant on account of the rent. The court allowed to the defendant against the plaintiff a sum equal to one-half the rent for the period of the joint occupancy, six and a half months.

And upon exception to the conclusion of the court, that the plaintiff was entitled to recover the amount for which judgment was directed, arises the question whether the defendant was entitled to the allowance of a greater amount against the plaintiff than that given by the court on account of the rent. The contention of the defendant's counsel is:

1. That the plaintiff became liable to pay the defendant one-half the rent, which the latter undertook by the lease to pay as the installments should become due.

2. That if not so, the plaintiff became a yearly tenant and was liable to the defendant for one-half the amount of the rent for one year.

The plaintiff not being a party to the lease, assumed no legal obligation to pay rent for the term, as a lease for more than one year not in writing was void. (2 R. S. 135, §§ 6, 8.) The agreement between the parties and under which the plaintiff entered into joint occupancy with the defendant being void, gave to the plaintiff no right and imposed upon the defendant no obligation to permit him to go into or remain in possession of any portion of the house, and unless he became a yearly tenant,

his liability was for use and occupation for the time only which he occupied. (*Thomas* v. *Nelson*, 69 N. Y. 118.)

The mere fact that a person goes into possession under a lease void because for a longer term than one year, does not create a yearly tenancy. If he remains in possession with the consent of the landlord for more than one year under circumstances permitting the inference of his tenancy from year to year, the latter could treat him as such, and the tenant could not relieve himself from liability for rent up to the end of the current year. And the terms of the lease void as to duration of term would control in respect to the rent. (*Coudert* v. *Cohn*, 118 N. Y. 309.) The parol agreement for five years was not effectual to create a tenancy for one year. Nor did the mere fact that the plaintiff went into possession, have that effect. He remained in occupation a part of one year only, and the creation of a tenancy for a year was dependent upon something further. While it is not required that a new contract be made in express terms, there must be something from which it may be inferred, something which tends to show that it is within the intention of the parties. The payment and receipt of an installment or aliquot part of the annual rent, is evidence of such understanding, and goes in support of a yearly tenancy, and without explanation to the contrary it is controlling evidence for that purpose. (*Cox* v. *Bent*, 5 Bing. 185 ; *Bishop* v. *Howard*, 2 Barn. & C. 100; *Braythwayte* v. *Hitchcock*, 10 M. & W. 494 ; *Mann* v. *Lovejoy*, Ryan & M. 355 ; *Thomas* v. *Packer*, 1 Hurl. & N. 672 ; *Doe* v. *Crago*, 6 C. B. 90.)

While there may appear to have been some confusion in the cases in this state upon the subject, this doctrine has been more recently recognized. (*Reeder* v. *Sayer*, 70 N. Y. 184 ; *Laughran* v. *Smith*, 75 id. 209.)

In the cases last cited the tenants had been in possession more than a year when the question arose, but having gone into occupancy under an invalid lease, their yearly tenancy was held dependent upon a new contract, which might be implied from the payment and acceptance of rent, and when

once created could be terminated by neither party without the consent of the other, only at the end of the year. The contention, therefore, that by force of the original agreement between the parties, aided by the fact that the plaintiff went into the possession with the consent of the defendant, a tenancy from year to year was created is not so, and this is not alone sufficient to support an inference of the new contract requisite to create a yearly tenancy. The plaintiff paid no rent, nor while he was in possession was any request of or promise by him made to pay any. He simply went in under the original void agreement and left within the year. There was no evidence to require the conclusion of the trial court that the plaintiff had assumed any relation to the premises, which charged him with liability other than for use and occupation, during the time he remained in possession. The defendant's counsel, to support his proposition that the entry by the plaintiff with the consent of the defendant made him a yearly tenant, cites *Craske* v. *C. U. P. Co.* (17 Hun, 319), where it was remarked that a parol lease for a longer term than one year "operated so as to create a tenancy from year to year."

If that was intended by the learned justice as a suggestion that such a void lease operated as a demise for one year, it is not in harmony with the view of the court in *Laughran* v. *Smith (supra)*. That remark in the *Craske Case* was not essential to the determination there made, as rent was in fact paid for a portion of the term, nor can it be assumed that it was intended to have the import sought to be given to it. It must be assumed, upon authority and reason, that a parol lease for more than one year is ineffectual to vest any term whatever in the lessee named, and that when he goes into possession under it with the consent of the lessor, without any further agreement, he is a tenant at will merely, subject to liability to pay at the rate of the stipulated rent as for use and occupation. (*Barlow* v. *Wainwright*, 22 Vt. 88.) This may be converted into a yearly tenancy by a new contract, which may be implied from circumstances, when they permit it. While the mere entry with consent will not alone justify it, a promise to pay

and a purpose manifested to accept a portion of the annual rent provided for by the agreement may, as evidence, go in support of such a new contract. There was no such evidence in this case. The promise of the plaintiff to pay one-half the rent was made preliminarily to his entry, and was part of and not distinguishable from the parol agreement with the defendant to occupy for five years and pay one-half the rent for that term. There does not seem to have been any evidence to require the conclusion that any other than such void agreement was made between the parties, or that the plaintiff became other than a mere tenant at will of the defendant. (1 Woodfall's Landl. & Ten. [1st Am. ed. from 13th Eng. ed.] 221.)

The other cases cited by the defendant's counsel do not support the proposition asserted by him. There is no opportunity, upon the facts found, or upon any which the evidence required to be found, to hold that the defendant took and held the lease as trustee for the plaintiff as to a portion of the demised premises, or that a relation was assumed by the plaintiff to the lease between the lessor and the defendant, which legally charged him with liability to the latter for moneys paid by him pursuant to it. The parol agreement between them was void and ineffectual for any such purpose.

The judgment should be affirmed.

All concur.

Judgment affirmed.