SPIES *v.* VOSS.

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

1. LANDLORD AND TENANT—DURATION OF LEASE.
   An agreement to occupy a part of a house for "a long time—for five years or eight years"—falls within 3 Rev. St. N. Y. (7th Ed.) p. 2200, § 1, providing that agreements for occupation of tenements in New York city, which shall not particularly specify the duration of such occupation, shall be deemed valid until the 1st day of May next after the possession under such agreement shall commence; and the fact that the rent was fixed at so much per month, and payable monthly, is immaterial.

2. SAME—ACCEPTANCE OF SURRENDER.
   A tenant, during his term, vacated the premises, and offered the keys to the landlord, who refused to accept them. The next day the keys were left at the house of the landlord, who thereupon re-entered upon the premises, and endeavored to lease to others. *Held,* that a surrender and acceptance of the lease were not shown.

Appeal from trial term.

Action by Marie Spies against Philip Voss to recover $310, being five months' rent of apartments at $58 per month, for five months from November, 1887, to March, 1888, both inclusive, and interest. There was judgment for plaintiff for full amount claimed, and defendant appeals.

Argued before DALY and BISCHOFF, JJ.

*Felix Jellenik,* for appellant.   *Jacob Fromme,* for respondent.

DALY, J.   There was no written agreement for the occupation of the premises, and no term agreed upon; and the question is whether the tenancy continued to May 1, 1888, or was for a month, or from month to month, and whether there was an acceptance and surrender of the lease.   The wife of the tenant made the agreement on his behalf.   She said that, if the rooms were painted and fixed up, she would stay a long time,—for five years or eight years.   She was told that the rent was $58 a month, payable monthly in advance.   The painting was done; and the tenant moved in a few days after May 1, 1887, paying rent from May 1st.   A receipt was given, for one month's rent, for each month up to and including September 1, 1887.   The tenant moved out October 1, 1887, returning the key of the premises, which was retained; the landlord endeavoring to relet the premises.

This case seems to fall within the statute which provides that "agreements for the occupation of lands or tenements in the city of New York, which shall not particularly specify the duration of such occupation, shall be deemed valid until the first day of May next after the possession under such agreement shall commence, and the rent under such agreement shall be payable at the usual quarter days for the payment of rent in the said city, unless otherwise expressed in the agreement."   3 Rev. St. (7th Ed.) p. 2200, § 1.   Here the duration of the occupation was not particularly specified.   It was evidently intended to be for longer than one month, and not to be for one month, or from month to month, as defendant claims it was.   In the case of *Wilson* v. *Taylor*, 8 Daly, 253, relied upon by defendant, there never was any agreement as to the terms of hiring, but the tenant had remained in possession six years paying a monthly rent of $7.50 in advance.   It was said in that case that, in the absence of any agreement, valid or invalid, as to the duration of the term or as to an annual rent, the rule seems to be that the intervals between the payments determine the length of the tenancy; citing *Steffens* v. *Earl*, 40 N. J. Law, 137, where it was held that, where there is no evidence but the mere fact of payment at intervals of a week or a month, the implication is that the renting is a monthly or a weekly one, just as the payment is monthly or weekly. In *People* v. *Darling*, 47 N. Y. 666, it was held that where the tenant is in possession under a parol agreement void by the statute of frauds, and had occupied for a year, paying the rent monthly, a tenancy from month to month is created.   If there had been in this case a specific agreement by parol for five years or for eight years, which would be void under the statute of frauds, and the tenant went into possession, paying a monthly rent, a tenancy from month to month would have been created, under the authority of the case last cited. If nothing had been said concerning the term, and the hiring had been at a certain monthly rent, a tenancy for a month only would have been created.   But in the present case the parties contemplated a longer occupation than a month, as is apparent from the conversation between them; but, as their agreement did not "particularly specify" the duration of the term, the case is within the statute fixing the term as expiring on the 1st day of May after entering upon possession.   The fact that the rent was fixed at $58 a month, and was payable monthly, does not affect the question, as the statute includes cases where the agreement provides how and when the rent shall be payable.

There was no surrender and acceptance of the lease.   The tenant vacated the premises, and offered the keys to the landlord, who refused to accept them, saying that the tenant had hired the premises for a year.   The next day the keys were left in the landlord's house, who afterwards entered the premises and endeavored to relet, succeeding finally in doing so for the month of April, 1888, for which no rent is claimed.   Under the authority of our general term in *Winant* v. *Hines*, 14 Daly, 187, re-entry and reletting by the landlord after the premises are abandoned, and the key returned by the tenant,

do not constitute a surrender and acceptance, without further proof. If this decision seems to be in conflict with the case of *MacKellar* v. *Sigler*, (in this court,) 47 How. Pr., 22, 1874,—it may be noticed that in the latter case there was evidence that the landlord not only relet the premises, but made alterations therein as well as repairs,—acts, taken together, held to be inconsistent with the continuance of the tenancy. The judgment should be affirmed, with costs.