SAMUEL WILDER, Respondent, v. WILLIAM A. STACE, Appellant.

*Landlord and tenant — statute of frauds — a parol lease for more than one year, and no occupation thereunder — a new contract is necessary to create a tenancy for a year — it need not be express.*

While a building was in process of erection its owner leased, by parol, to one Stace certain rooms therein for a term of five years, Stace paying $100 " to bind the bargain." Stace, wishing a more elaborate finish in some respects, made certain changes in the rooms, the expense of which was to be borne in part by each He was subsequently notified to occupy the rooms, which, however, he never did, nor did he accept a key thereof.

In an action brought by the owner to recover the rent of the premises:

*Held*, that the parol lease was void under the statute of frauds.

That no tenancy for a year was created by or resulted from the acts above mentioned.

That a tenancy for one year, in a case where the original lease having been void the tenant has taken possession, can only arise from a new contract, which must be established.

That the new contract need not be express, but facts must appear showing the intention of the parties to enter into it, such, for example, as the payment and receipt of an aliquot part of the annual rent, etc.

That the payment by Stace of $100, and for the repairs made by him, were acts done under the void lease and showed no understanding as to a new contract for a tenancy of one year.

APPEAL by the defendant William A. Stace from a judgment of the County Court of Monroe county, in favor of the plaintiff, entered in the clerk's office of said county on the 20th day of January, 1890, after a trial before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $450.

*J. M. Dunning*, for the appellant.

*J. P. Bowman*, for the respondent.

DWIGHT, P. J.:

In January, 1888, the plaintiff being engaged in the erection of the Wilder Building, in Rochester, agreed with the defendant, by parol, to lease to him certain rooms therein on the first floor (second story) for a term of five years at a rent of $1,325 a year, to be paid monthly at the expiration of each month. No time was agreed upon for the commencement of the term for the reason that it was uncertain when the building would be completed and the rooms ready for occupancy, but it was expected by both parties that the defendant might get in on the first day of April. At the time of the agreement the defendant paid the plaintiff $100 " to bind the bargain," which was to be applied on the first month's rent. The defendant desiring a more elaborate finishing of the rooms than was in Mr. Wilder's plan it was agreed that he might have an oak floor put in at his own expense, and a paneled oak wainscoting, of the expense of which, if exceeding $300, the plaintiff should allow one-third to be applied on the rent. The extra work was procured to be done by the defendant. He also, in March, had his business sign — " Stace, Tailor " — put on the glass of the windows in gold,.

letters. On the twenty-eighth day of April the plaintiff notified the defendant that the rooms would be ready for occupancy on the first of May The defendant never moved either goods or furniture into the room; never had a key, nor ever occupied or took possession of them in any manner except as above described. On the twenty-fourth of May he informed the plaintiff that he should have no use for the rooms and the latter removed his name from the windows, and in July rented the rooms to another person for the remainder of the year, from the first of August, at the rate of $900 a year. This action was brought and a recovery had for a year's rent, after allowing the amounts paid by and to be allowed thereon to the defendant, and the amount received by the plaintiff from the other tenant.

Whether the recovery can be sustained manifestly depends upon the question whether, on the facts above stated, a tenancy for one year was created in the defendant. Under the doctrine of *Laughran* v. *Smith* (75 N. Y., 205) and *Talamo* v. *Spitzmiller* (120 id., 37) it seems very clear that this question must be answered in the negative. All the cases agree that under the statute of frauds a yearly tenancy is not created by force of the void agreement for more than one year. That agreement is *void*, as the statute declares; and as was said by EARL, J., in *Thomas* v. *Nelson* (69 N. Y., 118), it is difficult to see how such a contract, declared void by the statute, can be held valid for a single hour. The question did not arise on the record as made in that case, but in *Laughran* v. *Smith* (*supra*) ANDREWS, J., quoted the *dictum* with approval, and the court gave it authority, holding that such a lease " created no estate or interest in land, and imposed no obligation upon either of the parties," although " a tenancy was created *by the entry of the lessees* under the void agreement;" the question being of the character of that tenancy, and the conclusion that in such a case the law would imply a new contract between the parties corresponding with the void agreement so far as it was not in conflict with the statute.

In *Talamo* v. *Spitzmiller* (*supra*) the second division of the same court further developed the doctrine of the case last considered, and held that there must be a new contract to create a yearly tenancy, and that there must be evidence to establish it; that the parol agreement for five years was not effectual to create it, nor did the mere

fact that the supposed lessee went into possession have that effect; that he having remained in occupation a part of a year only, something more was required to create a tenancy for a year; that while it was not required that a new contract be made in express terms there must be something from which a contract may be inferred, something which tends to show that it was within the intention of the parties; and they say "the payment and receipt of an installment, or aliquot part of the annual rent, is evidence of such understanding and goes in support of a yearly tenancy, and, without explanation to the contrary, it is controlling evidence for that purpose." We must regard the case last cited as controlling authority against the contention of the plaintiff in this case. So far from there being any circumstances in this case from which a new contract for a yearly tenancy can be inferred, all the evidence seems to demonstrate that the minds of the parties never met in any understanding, except the parol agreement for a lease for five years, which was absolutely void and imposed no obligation upon either of the parties. No possession was ever taken under that agreement. The commencement of the term was postponed to the first day of May, and after that date there is no evidence that the defendant ever set his foot within the premises to be demised. The extra work which, with the consent of the owner, he caused to be done in the finishing of the rooms was merely preparatory to his occupation, and the lettering on the windows was to the same purpose only. He never paid any "installment or aliquot part" of the rent reserved. The $100 paid in January was "to bind the bargain" under the void contract, and it was to be applied on the rent only when a payment of rent should become due. In short, during the term contemplated by the void agreement no act of possession was exercised by the defendant, nor any payment made upon any contract, new or old.

It is impossible to find in this case any evidence from which a new contract for a yearly tenancy may be inferred, and the exception to the charge of the court in that respect was well taken.

The judgment and order appealed from should be reversed.

LEWIS, J., concurred; MACOMBER, J., taking no part.

Judgment of County Court reversed and a new trial ordered, with costs to abide the event.