HELLAMS v. PATTON.

1. PAROL LEASES—USE—PAROL TESTIMONY—CASE CRITICISED.—While a land-lord, possibly, may not sue to recover the stipulated rent of a house, where the evidence of the lease is wholly in parol, he may sue to recover the value of the use and possession, and establish the claim by parol testimony. This case distinguished from Davis v. Pollock, 36 S. C., 544.

2. IBID.—TENANCY FROM YEAR TO YEAR.—While the statute of frauds declares that parol leases shall have the effect of estates at will only, except leases not exceeding one year, with rent reserved of at least two-thirds the im-proved value, yet a parol lease may, by the act of the parties, be converted into a tenancy from year to year.

3. IBID.—USE—CASE CRITICISED.—In action to recover compensation for the use and occupation of a house and lot, the trial judge erred in granting a nonsuit based upon the ground that an action would not lie where proof of occupation and value rested wholly in parol. The case of Davis v. Pollock, 36 S. C., 544, stated.

Before WATTS, J., Greenville, November, 1894.

Action by R. Y. Hellams against Delia A. Patton, commenced October 6, 1894. From rulings as to testimony, and from judg-ment of nonsuit, the plaintiff appealed on the following grounds:

I. That his honor erred in excluding the evidence of the plaintiff, R. Y. Hellams, to the effect that the defendant had entered into possession of the premises referred to in the com-plaint, and had remained in possession thereof as a tenant of plaintiff under a verbal lease at any time prior to the institu-tion of this suit, such testimony being offered prior to the amendment of complaint allowed by the judge.

II. That his honor erred in ruling, both prior and subse-quently to the said amendment, that no testimony could be introduced by plaintiff showing the entry into and possession of said premises by the defendant as a tenant of plaintiff unless the contract of lease was in writing; and the ruling that no

evidence could be introduced to prove any contract with defendant, or to prove the occupation of the premises by her unless the contract therefor was in writing.

III. Because his honor erred in excluding evidence offered by the plaintiff, R. Y. Hellams, to sustain the allegations of the complaint, and going to show when the defendant went into possession of the said premises, how long she remained in possession thereof, what rent she paid for the use of said premises per month, and the amount she was due for the occupation of the said premises as rent therefor.

IV. Because his honor erred in not holding that plaintiff could introduce evidence to show that the defendant had entered into possession of the said premises as a tenant of plaintiff and had remained in possession thereof during a period of two years or more, and that by operation of law she became a tenant from year to year, such tenancy commencing on the 1st of January of each year after the first year and terminating at the close of such year, unless otherwise renewed.

V. Because his honor erred in granting the nonsuit in this case, and holding that no action can be brought to recover of a defendant who enters into possession of property under a verbal lease, the rental value thereof, for the time of the occupation of the premises.

*Messrs. Haynsworth & Parker,* for appellant.

*Messrs. Cothran, Wells, Ansel & Cothran,* contra.

September 3, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. In his original complaint, the plaintiff alleged: 1st. That on the 15th of November, 1893, he leased to the defendant a certain house and lot in the city of Greenville, "for the term of one year from the date of the entry into the possession thereof, at the price of $22.50 for each month during said term, payable at the end of each month thereof, and that the defendant did agree to the terms of said lease, and did, on November 15th, 1893, enter into the possession of said premises under said agreement." 2d. "That the rent reserved to the plaintiff amounted to two-thirds of the full

improved value of the said premises during said term." 3d. That the defendant is indebted to the plaintiff in the sum of $157.50, being rents for the months of March, April, May, June, July, August, and September of the year 1894—the rent for the earlier period of the said term having been paid by the defendant.

The defendant answered: 1st. Denying that she ever had any contract whatever with plaintiff in relation to the premises described in the complaint. 2d. Admits that she occupied the said premises from the 3d day of October, 1893, to the 1st of March, 1894, paying the rent by the month during that period; and that on the 1st of March, 1894, she surrendered the said premises to the plaintiff, who retained possession thereof until the 1st of October, 1894, when, as she is informed and believes, the plaintiff sold and conveyed the said premises, and the purchaser at once took possession. 3d. That if she was in point of fact a tenant of plaintiff, she was only a tenant at will or by the month, and she denies that she owes plaintiff anything. 4th. She denies each and every allegation of the complaint not previously admitted or denied.

The case being thus at issue came on for trial before his honor, Judge Watts, and a jury, and when the plaintiff was on the stand and was asked the question whether the defendant was a tenant of his, counsel for defendant interposed an inquiry whether there was any written lease, which being answered in the negative, defendant's counsel objected to any testimony as to any oral lease, which objection was sustained, and counsel for plaintiff excepted. The witness was then asked whether the defendant had ever occupied the premises in question, and, if so, when? Defendant's counsel objected. The court said: "I have ruled that he could not show that there was any lease here except that lease was in writing, but I think you can show that the premises were occupied." The witness then answered that defendant had occupied the premises, her occupation beginning in 1890 or 1891. At this stage of the case, counsel for plaintiff asked leave to amend the complaint by alleging "that defendant had previously occupied the premises and had been paying the rent." Counsel for defendant

objected, upon the ground that plaintiff sued on an express contract, and now proposes to amend by setting up an implied contract. The Circuit Judge allowed the amendment, and granted an order, "that the first paragraph of the complaint be amended as follows: That on January 1st, 1894, the defendant had for a period greater than one year been in possession of the house and lot owned by plaintiff, situate, &c.; * * * that the said defendant had, on November 15th, 1892, entered into possession of said premises under a verbal agreement with plaintiff by which she was to pay to plaintiff the sum of $22.50 per month, payable at the end of each month, as rent for said premises, and for a period of one year; that the said defendant remained in possession of said premises on January 1st, 1894, and so remained until October 1st, 1894, when she vacated the same; that the sum of $22.50 monthly rent of said premises was the rental value thereof. That paragraph III. of the complaint be amended by striking out the words, 'the rent for the earlier period of the said term having been paid by the defendant,' and inserting in lieu thereof the words, 'the rent up to March 1st, 1894, having been paid by the defendant.'"

After this order of amendment was granted, counsel for plaintiff proceeded to ask the witness when he purchased the premises in question, and from whom, and whether defendant had been occupying said premises prior to his purchase. Counsel for defendant objected, and the court sustained the objection, saying: "I rule that you cannot introduce any testimony here at all, unless the contract is in writing." All further attempts to offer testimony tending to show when defendant took possession, how long she remained in possession, and whether she had ever paid any rent to the plaintiff for the year 1894, were objected to and ruled out. At the close of the plaintiff's testimony, a motion for nonsuit was made and granted; and plaintiff appeals upon the several grounds set out in the record, which should be incorporated in the report of this case.

The first four of these grounds impute error to the Circuit Judge in his rulings as to the admissibility of testimony; while the fifth and last ground alleges error in granting the motion for a nonsuit. The Circuit Judge seems to have based his rul-

ings, both as to the admissibility of the testimony, and in his order of nonsuit, upon the recent case of *Davis* v. *Pollock*, 36 S. C., 544. But that case differs from this in the important particular, that there the action was "to recover damages from the defendant for failure to put plaintiff into possession of the Merchants' Hotel, at Blacksburg, South Carolina, pursuant to an alleged parol lease of same for the term of one year;" and the defendant answered, denying the alleged contract of lease, and pleaded the statute of frauds. So that there the action was to recover damages for the failure to perform an *executory* contract. But here the cause of action, as stated in the original complaint, is to recover the rent reserved in a parol lease for the term of one year, which, it is alleged, amounted to two-thirds of the full improved value of the said premises during said term. And in the amended complaint, the cause of action is the breach of the implied promise to pay for the use and occupation of the premises, the amount stated in the verbal agreement as rent, which is alleged to be the rental value thereof.

It seems to us, therefore, that the case of *Davis* v. *Pollock* furnishes no authority for the rulings of the Circuit Judge as to the admissibility of the testimony offered, except, perhaps, under the cause of action as stated in the original complaint, which was based upon the verbal contract for the lease. But under the cause of action, as stated in the amended complaint, for the use and occupation of the premises, we think there was error in rejecting the parol testimony offered to show the length of time for which the defendant had enjoyed the use and occupation of the said premises, and the value of such use and occupation. If, as alleged in the amended complaint, the defendant was in possession of the premises on the 1st January, 1894, and remained in possession until the 1st of October, 1894, she was certainly liable to pay to the plaintiff the rental value thereof, whether she originally entered under a parol or written lease. This is upon the principle that natural justice requires that one person shall not be permitted to enjoy or use the property of another without paying proper compensation therefor, and constitutes the foundation of the universally recognized action for

use and occupation.   Indeed, it is expressly provided by section 1933 of Revised Statutes of 1893, that a landlord, where the agreement is not by deed, may recover from the tenant a reasonable satisfaction for the use and occupation of his land; "and if, in evidence on the trial of such action, any parol demise or any agreement (not being by deed) whereon a certain rent was reserved, shall appear, the plaintiff in such action shall not therefore be nonsuited, but may make use thereof as an evidence of the amount of damages to be recovered."   It seems to us, therefore, that the Circuit Judge erred in excluding the testimony offered tending to show how long the defendant had been in the enjoyment of the use and occupation of the premises and the rental value thereof, and whether she had paid any rent therefor during the year 1894.

There is also another view under which it may have been error to exclude the testimony offered.   While it is quite true that section 2149 of the Revised Statutes of 1893 does declare that "all estates, interests of freehold or terms of years, or any uncertain interests of, in, to or out of any lands * * * made or created * * * by parol, and not put in writing * * * shall have the force and effect of estates at will only * * * except leases not exceeding the term of one year from the time of entry, whereupon the rent reserved to the landlords during such term shall amount unto two-thirds parts, at the least, of the full improved value of the thing demised," yet such parol leases are not declared void, but the declaration is simply that, except in the excepted case, *such lease* shall have the effect of creating an estate at will only, leaving a lease, whereon the rent reserved amounts to the sum specified, good and valid for the term of one year from the time of entry.   But because the lease by itself creates an estate at will only, it does not necessarily follow that such an estate may not be converted into a tenancy from year to year by other circumstances.   While this point has not, so far as we are informed, been distinctly decided in this State, yet it has been elsewhere, as may be seen by reference to the case of *Talamo* v. *Spitzmiller*, 120 N. Y., 37, also to be found in 17 Am. St. Rep., 607, where it is said: "The mere fact that a person

goes into possession under a lease void because for a longer term than one year does not create a yearly tenancy. If he remains in possession, with the consent of the landlord, for more than one year, under circumstances permitting the inference of his tenancy from year to year, the latter could treat him as such, and the tenant could not relieve himself from liability for rent up to the end of the current year," or, as it is considered in this State, to the end of the *calendar* year. *Floyd* v. *Floyd,* 4 Rich., 23; *Wilson* v. *Rodeman,* 30 S. C., 210. See, also, extended note by Mr. Freeman to the case of *Wallace* v. *Scoggins,* 17 Am. St. Rep., 752, where, at page 755, in speaking of a parol lease, that distinguished writer says: "The better opinion is, that such a lease is in itself void, and creates no tenancy whatever; and that if the lessee enters under it the tenancy is at will, unless from the payment and receipt of rent computed by the year, or from the circumstances the inference may be legitimately drawn that the parties, notwithstanding the void lease, intend a tenancy from year to year." See, also, *Reeder* v. *Sayre,* 70 N. Y., 180, reported also in 26 Am. Rep., 567. This doctrine is impliedly, at least, recognized in *Wilson* v. *Rodeman, supra.* See, also, *Godard* v. *Railroad Company,* 2 Rich., 346. It seems to us, therefore, that the ruling of the Circuit Judge, as to the admissibility of testimony, was erroneous upon this ground also, as it tended to exclude the plaintiff from showing such circumstances as might convert the tenancy at will into a tenancy from year to year.

It only remains to consider whether there was error in granting the nonsuit. The order of nonsuit is in the following language: "After hearing all the evidence in the case, which was admitted by the court, and after full argument of the case before me, I am of the opinion that, under the decision of our Supreme Court in the case of *Davis* v. *Pollock,* 36 S. C., 544, 'that no action can be brought to charge any person upon a contract, not in writing, for the lease of any real estate, even for a term not exceeding one year, no matter what may be the amount of rent reserved by such a lease.' This being an action of that character, it is, on motion of defendant's attorneys, ordered, that a nonsuit be, and the same

is hereby, granted." It will thus be seen that his honor did not hold, as is attributed to him in the fifth ground of appeal, "that no action can be brought to recover of a defendant who enters into possession of property under a verbal lease, the rental value thereof, for the time of the occupation of the premises;" but he held that no action could be brought on a contract, not in writing, for the lease of any real estate; and his real error, as we think, was in regarding this as an action *on the contract* for the lease, instead of as an action (under the amended complaint) to recover for the use and occupation of the premises. So that, strictly speaking, the fifth ground of appeal cannot be sustained. But this is not material to the result, for, as we have seen, there must be a new trial for the error in excluding the testimony above referred to.

We do not think that the language quoted from the concluding paragraph of the case of *Davis* v. *Pollock* by the Circuit Judge is applicable to this case, when considered, as we think it should be, under the amended complaint, as an action for use and occupation, and not as an action upon the contract for the lease, which was by parol. As we understand it, section 2149 of Revised Statutes simply declares, that a parol lease of land shall have the effect of creating a tenancy at will only, except where the rent reserved by such lease shall amount to two-thirds of the full value of the thing demised, and declared nothing as to the right of action upon such lease; whereas, section 2151 of the Revised Statutes declares that no action shall be brought to charge any person upon any contract for the sale of lands, or any interest in or concerning them, whether by lease or otherwise. And section 1933 plainly recognized the right to recover for the use and occupation of land where the tenant enters into possession of the land even under a parol lease. Hence, the language quoted from the case of *Davis* v. *Pollock*, and relied upon by the Circuit Judge, may have been applicable to that case, in which the action was upon the *executory* contract to lease, where the alleged tenant had not entered into possession of the premises, has no application to the present case.

The judgment of this court is, that the judgment of the Cir-

cuit Court be reversed, and that the case be remanded to that court for a new trial.