(21 Misc. Rep. 39.)

### LAWRENCE v. HASBROUCK.

(Supreme Court, Appellate Term. July 29, 1897.)

TENANCY FROM MONTH TO MONTH.

Defendant made a verbal agreement with plaintiff's agent to hire certain premises, for 13 months, at a rent payable monthly. He signed a written lease, and left it with the agent, to be forwarded to plaintiff, for execution, but plaintiff did not execute it for several months. In the mean time, defendant had taken possession, paid rent for some months, and had then removed from the premises, pursuant to notice given by him to plaintiff's agent. *Held*, that defendant, having entered under the void parol agreement, and paid rent by the month, was a monthly tenant, and had the right to surrender possession at the end of any month.

Appeal from Thirteenth district court.

Action by John S. Lawrence against Stephen Hasbrouck to recover $200. Judgment for plaintiff for $50, and he appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Wayland E. Benjamin, for appellant.

T. S. Carey, for respondent.

DALY, P. J. In the beginning of August, 1896, the defendant entered into possession of the first floor of the apartment house No. 200 West 129th street, upon an arrangement made with the agent of the landlord, who resided in Michigan, for a lease of the apartment for 13 months from the ensuing September 1st. at the yearly rent of $600, payable monthly, with occupation for August free of rent. A lease, bearing date August 6th, was signed by the defendant, and left with the agent, to be forwarded to the landlord for execution. It was not signed by the latter until the following January, and was tendered to the defendant after he had removed from the premises, pursuant to notice given by him to the agent of his intention to do so. This action was brought for the rent of the four months January to April, both inclusive; and the defense was that, by reason of the facts, a monthly tenancy only was established, which terminated by the removal in January, and that plaintiff was entitled to rent for that month only, which defendant offered to pay. The case was tried before a jury, and their verdict was for the plaintiff for $50 only, thus finding in accordance with defendant's contention.

The lease not being executed by the landlord, no legal obligation under it was created. Talamo v. Spitzmiller, 120 N. Y. 37, 23 N. E. 980; Laughran v. Smith, 75 N. Y. 206. It is claimed by plaintiff that defendant consented to the delay in forwarding it for execution, but the landlord took the risk of the tenant's terminating the tenancy which had been created by the parol arrangement and declining to receive the lease. The occupation by the defendant was not under the lease, because the tenant did not become bound thereby, it not being executed by the lessor; and, as such occupation was terminable by the landlord at the end of any month for which rent was paid, the tenant had the same right to terminate it; and the landlord could not, by subsequently tendering a lease for the past as well as future occupation, create a new obligation for the tenant. To hold otherwise would leave a tenant wholly in the hands of the landlord, who could make him a tenant for years or by the month, at discretion.

Now, is the appellant's contention well founded that, in any event, the tenancy continued until the ensuing 1st of May, by force of the New York statute? Defendant did not enter under an agreement silent as to the term, but under a parol agreement, void because for more than a year. Where a tenant enters under such a void agreement, and pays rent monthly, a tenancy from month to month is created. People v. Darling, 47 N. Y. 666; Spies v. Voss (Com. Pl.) 9 N. Y. Supp. 532. If the tenant, under such a void lease, enter

on the 1st of May in any year, and remain over a year, he will be deemed a tenant from year to year, as, by remaining over the 1st of May in any year, he loses the right to terminate the tenancy before the expiration of that year. Laughran v. Smith, above. In this case the defendant entered under a parol agreement, the lease not being executed by the landlord; and, as he paid rent monthly, he became a monthly tenant, and had the right to remove at the end of any month.

Judgment affirmed, with costs. All concur.