(36 Misc. Rep. 193.)

BERNSTEIN et al. v. LIGHTSTONE.

(Supreme Court, Appellate Term.   October, 1901.)

LEASE—DURATION.

Under Laws 1896, c. 547, § 202, providing that a lease of property, which shall not particularly specify the duration of the occupation, shall be deemed to continue until the 1st day of May next after the possession commences, where a tenant orally hires premises for a monthly

rental, for no distinct length of time, occupation to be dependent upon how the premises suit him, and he occupies them for three months, the term continues until the 1st day of the next May.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Morris Bernstein and others against Charles J. Lightstone. Judgment for defendant, and plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Morris Meyers, for appellants.

Milton M. Goldsmith, for respondent.

McADAM, J. The plaintiffs sued for rent of premises for April, 1901, under an alleged oral agreement for the hire of said premises from January, 1901, to January, 1902, alleged to have been thereafter extended to February, 1902, by a written lease. The evidence of the parties presented the usual conflict, and from the finding of the justice in defendant's favor it must be assumed that the defendant's testimony is true. The defendant swore that he hired the premises "for one month, or six months, or six years, if the place is big enough; naturally, if not, I would have to get a larger place. * * * There was no distinct time as to length of time I should take the place. It was only a question of how the place would suit me." And the defendant's witness Daniels testified: "He [defendant] said, 'I will take the place, and maybe I will take it for two months, or six months, or six years.' * * * He mentioned two months, or six months, or six years. They spoke by the year, but it was to be for a month or two months. It was just generally speaking." We think that the testimony quoted, coupled with the fact that the defendant occupied the premises from December, 1900, to April 1, 1901, brings the case within the statute providing that "an agreement for the occupation of real property in the city of New York, which shall not particularly specify the duration of the occupation, shall be deemed to continue until the first day of May next after the possession commences under the agreement; and rent thereunder is payable at the usual quarter days for the payment of rent in that city, unless otherwise expressed in the agreement." Real Prop. Law (Laws 1896, c. 547, § 202). The duration of the occupation was not particularly specified, and it is fair to assume that the hiring was intended to be for more than one month or two months; for the defendant had bills and invoices printed which stated that his place of business was the premises hired from plaintiffs, and he actually occupied the place for over three months.

The fact that the defendant paid rent monthly, while very material, is not absolutely controlling. In Spies v. Voss, 16 Daly, 171, 9 N. Y. Supp. 532, the premises were hired for the defendant by his wife, she stating that if they were fixed up she would stay for a long time,—five or eight years. She was told that the rent was $58 a month, payable monthly in advance. No term was agreed upon, however, and defendant occupied the premises, and paid a monthly rental for several months, and then moved out. It was held that the statute cited fixed the duration of the term. The judgment

must therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.