9091

HAMPTON PARK TERRACE v. SOTTILE.

(86 S. E. 1066.)

LANDLORD AND TENANT. LEASE. TENANCY FROM YEAR TO YEAR. NOTICE. DEEDS. COVENANTS OF WARRANTY.

1. DEEDS—COVENANTS OF WARRANTY.—Possession under a prior outstanding lease is a breach of the general covenants of warranty contained in a deed of conveyance. *Grice* v. *Scarborough,* 1 S. C. L. (2 Spears) 649, followed.

1a. COVENANTS—ACTIONS FOR BREACH—NOTICE OF ADVERSE HOLDING.— Possession being one of the absolute covenants contained in a general warranty in a deed, notice of adverse holding for a term, or generally, is no defense to an action for breach thereof.

2. LANDLORD AND TENANT—LEASE.—A lease for one year, and to continue from year to year, unless either landlord or tenant should give six months' notice of intention to terminate it, is a lease for more than one year, which under Civil Code 1912, sec. 3500, if not recorded within 40 days from the time of its execution, is, as to the excess over the year, void as against subsequent purchasers for value.

3. LANDLORD AND TENANT—UNRECORDED LEASE.—An unrecorded lease for more than a year ripens under Civil Code 1912, sec. 3500, as against a subsequent purchaser for value into a tenancy at will, which may be terminated by such purchaser on ten days' notice.

4. DEEDS—COVENANTS OF WARRANTY.—Where a tenancy for more than a year outstanding when a deed of conveyance containing general covenants of warranty is made thereafter, and before a subsequent grantee acquires title, ripens into a tenancy at will terminable by the immediate grantee, the covenantor is not liable to subsequent grantee upon the covenants of warranty, because of the withholding of possession by such tenant at will.

5. LANDLORD AND TENANT—LEASE—VALIDITY AS AGAINST PURCHASERS FOR VALUE.—An owner of land leased it to a tenant under an unre-

corded written lease for a year, with a provision for termination on six months' notice, which, if not given, the tenancy should continue from year to year. During the first year the owner conveyed the land, and the purchaser during the second year conveyed it to plaintiff, who found the original tenant still in possession, but persuaded him to surrender possession on the payment of a sum of money, for which he brought suit against the original owner on breach of warranty. *Held,* that the lease, being a continuing obligation, ripened into a tenancy from year to year, while title was in possession of the first purchaser, and, not being recorded as required by law, was void as to the excess over the year as to the subsequent purchaser for value.

Before RICE, J., Charleston, April, 1914.    Affirmed.

Action by Hampton Park Terrace, Inc., against James Sottile. From order of nonsuit, the plaintiff appeals. The facts are stated in the opinion.

*Messrs. Huger, Wilbur & Guerard,* for appellant, submit: *Lease was from year to year:* 27 N. W. 647; *and not to be recorded under Civil Code, sec. 3500:* 31 S. C. Eq. 149; 15 S. C. 171; 31 S. C. L. 346. *Notice necessary to terminate lease:* 44 S. C. 526. *A lease from year to year is not for more than a year:* 18 N. W. 523.

*Messrs. Logan & Grace,* for respondent, cite: Civil Code, sec. 3500; 162 Mass. 473; 39 N. E. 280; 83 N. E. 870.

May 4, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for breach of warranty.

The respondent, Mr. Sottile, leased a tract of land to Henry Dunneman, by a written lease for a term commencing 1st July, 1910, to 30th June, 1911, with a provision that

FOOTNOTE.—See note in Ann. Cas. 1914d, 1176, as to unexpired lease being a breach of covenant against incumbrances.

in order to terminate the lease by either party, the one desiring to terminate the lease should give six months' notice to the other, or the tenancy should continue from year to year. The lease was not recorded. On 16th May, 1911, Mr. Sottile conveyed the premises to the Charleston Improvement Company; on the 12th January, 1912, the Charleston Improvement Company conveyed the land to the appellant. When the appellant bought the land, it found Mr. Dunneman in possession and he refused to surrender possession and the appellant paid him about six hundred dollars to surrender the possesion and brought this suit against the respondent under his warranty. The trial Judge, on motion, granted a nonsuit on the ground that the six months' notice provided for in the lease made it a lease for more than one year, and inasmuch as it was not recorded, it was void as to the plaintiff and the respondent was not bound under his warranty.

The only question on a motion for a nonsuit is, has the plaintiff any cause of action against the defendant. The measure of recovery was not before the Court at that stage. Possession is one of the covenants contained in a general warranty and the covenant is absolute, and notice of adverse holding for a term, or generally, is no defense to a breach of this covenant. *Grice* v. *Scarborough,* 2 Spears (29 S. C. L.) 649. So far as this record shows, and for the purposes of this case only, it may be stated, that the immediate guarantor was liable, even though the tenant was a tenant at will. Ten days is necessary to eject a tenant at will, and that would have been some breach of the warranty. Was Mr. Sottile also liable under his warranty? The lease was in writing and that bound Mr. Sottile. The tenant certainly was in no worse condition for the fact that his lease was in writing, than he would have been if his lease was by parol. Suppose that it be conceded that as to subsequent purchasers, without notice, the lease was by parol; after January 1, 1912, the tenancy became a tenancy from year to year. In *Hellams*

v. *Patton,* 44 S. C. 459-460, 22 S. E. 608, 611, this Court quotes with approval *Talamo* v. *Spitzmiller,* 120 N. Y. 37, 8 L. R. A. 221, 23 N. E. 980, where it is said:

"But because the lease by itself creates an estate at will only, it does not necessarily follow that such an estate may not be converted into a tenancy from year to year by other circumstances. While this point has not, so far as we are informed, been distinctly decided in this State, yet it has been elsewhere, as may be seen by reference to the case of *Talamo* v. *Spitzmiller,* 120 N. Y. 37, 8 L. R. A. 221, 23 N. E. 980; also to be found in 17 Am. St. Rep. 607, where it is said: 'The mere fact that a person goes into possession under a lease void because for a longer term than one year does not create a yearly tenancy. If he remains in possession, with the consent of the landlord, for more than one year, under circumstances permitting the inference of his tenancy from year to year, the latter would treat him as such, and the tenant could not relieve himself from liability for rent up to the end of the current year;' or, as it is considered in this State, to the end of the calendar year. *Floyd* v. *Floyd,* 4 Rich. (38 S. C. L.) 23; *Wilson* v. *Rodeman,* 30 S. C. 210, 8 S. E. 855, 3 L. R. A. 181. See, also, extended note by Mr. Freeman to the case of *Wallace* v. *Scoggins,* 17 Or. 476, 18 *Ib.* 502, 21 Pac. 558, 17 Am. St. Rep. 752, where, at page 755, in speaking of a parol lease, that distinguished writer says: 'The better opinion is, that such a lease is in itself void, and creates no tenancy whatever; and that if the lessee enters under it the tenancy is at will, unless from the payment and receipt of rent computed by the year, or from the circumstances the inference may be legitimately drawn that the parties, notwithstanding the void lease, intend a tenancy from year to year.' "

Was this lease a lease for more than one year, and, therefore, to be recorded, or void as to subsequent purchasers? It is stated by the attorneys for both appellant and respond-

ent, that they have not, after careful search, been able to find any case in this State that decides the question and have cited cases from other jurisdictions. Both appellant and respondent are represented by able attorneys, and we accept their statements as true. It is always profitable to study the case under consideration, rather than search for cases of doubtful application. This lease provides for a lease for one year which is to continue from year to year unless either landlord or tenant shall give six months' notice of an intention to terminate it. If the lease had provided for a renewal at the end of the year by the act of the parties, then it might have been contended, with much force, that the lease expired by its own limitation at the end of the year, and, therefore, the notice required was an agreement to make a new contract on the same terms. This lease required notice to terminate it, and without the intervention of the act of the parties, the lease should continue indefinitely from year to year, and the parties would act under it, not by virtue of a renewal, but by the continued obligations of the original lease. The lease is, therefore, a lease for more than a year. It was such a lease as is required by law to be recorded, and not being recorded is void as to the excess over the year, as to the subsequent purchaser for value. The lease was not absolutely void for all purposes. It was good as a parol lease for one year. At the termination of the year the tenant became a tenant at will under the statute and the tenant could have been dispossessed by respondent's grantee, the Charleston Improvement Company. The tenancy, so far as the Charleston Improvement Company is concerned, terminated at the end of the year, to wit, on the 30th June, 1911, without the necessity for notice, under the statute. It ripened into a tenancy from year to year, while the title was in the Charleston Improvement Company, and after the respondent had parted with title,

to wit, between the 16th May, 1911, and the 12th January, 1912.

There, are two exceptions, both of which claim that the lease was for a year. Both exceptions are overruled, and the judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE concur in the opinion of the Court.

MR. JUSTICE HYDRICK dissents.