(92 Misc. Rep. 201)

## KELLEY v. OSBORN.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

LANDLORD AND TENANT ⊜➣115—TERM OF LEASE—STATUTORY PROVISIONS.

Where a lessee of premises sold under mortgage foreclosure remained in possession, paying to the purchaser monthly the rent stipulated in the lease from the mortgagor without any agreement of hiring, there was a monthly tenancy, which terminated at the end of each month, and not an indefinite hiring, within Real Property Law (Consol. Laws, c. 50) § 232, providing that an agreement for the occupation of real property in New York City, which shall not particularly specify the duration of the occupation, shall be deemed to continue until the 1st of May next after the possession commences under the agreement, as that section only applies where

---

⊜➣For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

there is an agreement for hiring in which the term of lease remains un-
determined.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
391–394; Dec. Dig. ⬅115.]

Appeal from Municipal Court, Borough of Manhattan, Ninth Dis-
trict.

Action by M. Edward Kelley against Samuel A. Osborn. From
a judgment entered in favor of plaintiff for $60 and costs, after a trial
by the court, defendant appeals. Reversed, and complaint dismissed.

Argued October term, 1915, before BIJUR, PAGE, and
SHEARN, JJ.

Lester W. Eisenberg, of New York City, for appellant.
Christian S. Lorentzen, of New York City, for respondent.

PAGE, J. The plaintiff is the purchaser of certain premises under
a mortgage foreclosure. The defendant held a lease from the former
owner for a term of three years expiring May 1, 1915, at $60 per
month. It is conceded that this lease was terminated by the foreclosure
prior to July 1, 1914. The only evidence of the nature of the defend-
ant's tenancy is the fact that he paid rent to the new landlord each
month at the rate of $60 per month until January 30, 1915, upon which
date he paid the rent for the month of January and vacated the prem-
ises. This action is brought to recover rent for the month of Feb-
ruary, 1915, on the theory that it is an indefinite hiring, which section
232 of the Real Property Law converted into a hiring until the 1st day
of May following. Judgment was granted for the plaintiff on this
theory.

It is well settled that section 232 of the Real Property Law only ap-
plies where there is an agreement for hiring in which the term of
lease remains undetermined. In the case at bar there is no evidence
of such an agreement. In Douglass v. Seiferd, 18 Misc. Rep. 188,
at page 191, 41 N. Y. Supp. 289, at page 290, McAdam, J., said:

"Where it appears that there is an annual rent reserved, and the payment
is to be made by the quarter, or month, or week, then the renting is a year-
ly letting, without regard to the periods of payment. But where there is
no such letting, and there is no evidence but the mere fact of payment at
intervals of a week or month, the implication is that the renting is a
monthly or weekly one, just as the payment is monthly or weekly."

I am of the opinion that in the instant case the evidence shows
a monthly letting, rather than an indefinite hiring, and the statute re-
lied upon by the plaintiff does not apply. The case is very similar
to the case of Lawrence v. Hasbrouck, 21 Misc. Rep. 39, 46 N. Y.
Supp. 868, in which the tenant executed a lease of premises for 13
months, which lease was void because the landlord failed to execute
it. The tenant occupied the premises for several months, paying the
rent monthly, and then abandoned them. In an action for the sub-
sequent rent, it was held by this court that the tenant, by entering with-
out a valid agreement and paying monthly rent, became a monthly
tenant, and had the right to remove at the end of any month. In

the present case, there being no agreement except such as could be implied from the payment of monthly rent, the tenancy must be held to be a monthly tenancy, which terminated at the end of each month.

The judgment for the February rent must accordingly be reversed, with $30 costs, and the complaint dismissed, with costs. All concur.