(93 Misc. Rep. 510) '

UTILITY REALTY CO. v. DUGAN.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

1. LANDLORD AND TENANT ☞95—TERMINATION OF LEASE.

A lease of mortgaged premises is terminated by foreclosure of the mortgage and sale of the mortgaged premises in a suit in which the lessee is made a party defendant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 300–304; Dec. Dig. ☞95.]

2. LANDLORD AND TENANT ☞15—FORECLOSURE OF MORTGAGE—STATUS OF TENANT.

When a lease is terminated by foreclosure of a mortgage given on the premises prior to the lease, and the lessee continues in possession without knowledge of the new owner, paying rent to the same agent, who represented the former owner, does not hold him as a tenant of the new owner under the original lease; there being no agreement, express or implied, between him and the new owner, to assume the relation of landlord and tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 13–16; Dec. Dig. ☞15.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Utility Realty Company against James H. Dugan. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Richard S. Treacy, Jr., of New York City, for appellant.
Samuel Slonim, of New York City, for respondent.

GAVEGAN, J.  Defendant appeals from a judgment of the Municipal Court in favor of plaintiff for the sum of $70 and costs, representing two months' rent.  On August 12, 1914, defendant rented an apartment in the building known as No. 601 West 191st street, New York City, under a lease in writing from the then owner thereof, by the terms of which defendant was to become a tenant for a period of one year beginning October 1, 1914.  Defendant entered into possession and paid the rent reserved up to April 1, 1915, when he moved out.

Prior to making said lease with defendant the owner had executed a mortgage on the premises in question.  Default having been made in the payment of interest, the mortgagee commenced an action to foreclose on August 12, 1914, naming the defendant herein as a defendant in that action.  A judgment of foreclosure resulted, pursuant to which the property was sold to the mortgagee, who took possession thereof on or about the 15th day of January, 1915, under a referee's deed.  On the same day the mortgagee sold the property to plaintiff, who was the owner thereof at the time the alleged cause of action herein arose.  The defendant remained in possession during the pendency of the foreclosure action and until the following March, paying rent to the same agent.  No express agreement of any kind was entered into between plaintiff and defendant, and no mention was made as to the terms under which defendant was to remain in plaintiff's premises.

No witnesses were called, and the case was submitted to the trial judge on the facts stipulated.  Upon said stipulation the trial judge gave judgment for the plaintiff for rent for the unexpired term of the lease, less the amount received from a new tenant.  He was of the opinion that upon the facts in the case defendant attorned to plaintiff as his new landlord, thereby impliedly agreeing to continue under the terms of the original lease.

[1] I am of the opinion, in view of the fact that defendant was made a party to the foreclosure action which resulted in the judgment and sale as aforesaid, that the lease between the defendant and the former owner of the property was abrogated.  Commonwealth Mortgage Co. v. De Waltoff, 135 App. Div. 33, 119 N. Y. Supp. 781; Fletcher v. McKeon, 71 App. Div. 278, 75 N. Y. Supp. 817; Wiltse on Mortgage Foreclosure, § 177; Simers v. Saltus, 3 Denio, 214.  In the case of Commonwealth Mortgage Co. v. De Waltoff, supra, 135

App. Div. at page 35, 119 N. Y. Supp. at page 783, Mr. Justice Scott, writing for the court, said:

"If the respondent had been made a party to the foreclosure action, his lease, being subsequent and subordinate to the mortgage, would have been annulled, and his continuance in possession would have been unlawful."

This language is applicable to the present case. Plaintiff did not choose to declare defendant's possession unlawful, but permitted him to remain.

[2] We must therefore consider upon what terms defendant was to remain. Concededly no express agreement was ever made between plaintiff and defendant. In fact, it does not appear that defendant knew plaintiff was the owner of the property, and the only recognition of plaintiff's ownership by defendant was the payment of rent to plaintiff's agents, who were also agents for the former owner.

The mere fact that defendant paid rent to the agent was not sufficient to hold him as a tenant under the terms of the original lease. Kelley v. Osborn, 92 Misc. Rep. 201, 155 N. Y. Supp. 451. There must have been some agreement, either express or implied, on the part of the defendant, to become the new owner's tenant for the balance of the term, and a consent by the new landlord to accept as a tenant under said terms. O'Donnell v. McIntyre, 37 Hun, 623, 625. No such agreement was shown or attempted to be shown.

It follows that the defendant was justified in removing from the premises, and the judgment must be reversed, with $30 costs, and the complaint dismissed, with costs. All concur.